UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| WILLIE MADISON and MARYLON MADISON | CASE NO. 04-16512 |
| EVERETTE LAMONT RAY, SR. and TWYLA KENYATA BILLINGS RAY | CASE NO. 04-17590 |
| PENNI A. SCHUETZ | CASE NO. 05-10764 |
| JIMMIE KAYE HOLLOWAY | CASE NO. 05-13857 |

OPINION

On consideration before the court in each of the above captioned cases is an objection to the creditor's proof of claim filed by the Chapter 13 trustee, Locke D. Barkley; the affected creditors, which are designated hereinbelow, filed a response to the trustee's objection in each case; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of these proceedings pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. These are core proceedings as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

The creditors that have filed the proofs of claim are identified as follows:

| Case | Creditor |
|---|---|
| Madison | Countrywide Home Loans, Inc. (Countrywide) |
| Ray | Countrywide Home Loans, Inc. |

      Schuetz       Wells Fargo Bank, NA   (Wells Fargo)

      Holloway     Wells Fargo Bank, NA

The proofs of claim in each of the cases were filed on behalf of the creditors by the law firm of McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, National Bankruptcy Department, Roswell, Georgia.

The trustee has objected to certain post-petition, pre-confirmation fees that are included in the proofs of claim which are described in the documentation as follows:

> Itemization of post-petition services performed as of the date of claim: file setup; obtain case information; attorney review of loan information, dockets and schedules; preparation of and filing of notice of appearance; loss mitigation solicitation and review; preparation and filing of proof of claim; notification of claim filing to debtor's counsel, trustee and claimant.

In the Madison, Ray, and Holloway cases, the following additional language is included:

> If legal fees and costs are incurred after this proof of claim is filed, your account will be assessed those fees and costs if legally permissible in the opinion of the lender. If such fees and costs are not paid as a part of this case, they may be collected in the future pursuant to the terms of your security instrument, the Bankruptcy Code, and other applicable law.

Neither of the aforementioned paragraphs appears in the Schuetz documentation.

In the Madison and Ray cases, where the creditor is Countrywide, the post-petition, pre-confirmation fee is listed as $350.00. According to the hearing testimony of Alice Blanco, an attorney with the McCalla Raymer law firm, this amount is allowed in "Fannie Mae" (Federal National Mortgage Association) loan transactions.

In the Schuetz and Holloway cases, where the creditor is Wells Fargo, the post-petition, pre-confirmation fee is listed as $150.00.

2

(Parenthetically, the court would note that the cases of Christy McNeamer, No. 04-17766; Stanley Adams and Barbara Adams, No. 04-17550, and Kaitlyn Longmire, No. 05-10217, are no longer involved in this dispute.)

### III.

Initially, the court was concerned as to whether each of the creditors was oversecured as that term is contemplated by §506(b) of the Bankruptcy Code, which provides as follows:

> To the extent that an allowed secured claim is secured by property the value of which...is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided for under the agreement under which such claim arose.

In order to recover attorneys' fees under §506(b), four elements must be met: (1) the claim must be an allowed secured claim; (2) the claim must be oversecured; (3) the underlying agreement must provide for the recovery of fees and expenses; and (4) the fees and expenses must be reasonable. *See* In re Good, 207 B.R. 686, 689 (note 1) (Bankr. D. Idaho 1997). The parties agree that each of the claims is secured by the debtors' real property, and that the underlying agreements provide for the recovery of fees and expenses. However, they do not agree that the claims are oversecured. The trustee asserts that the charges for attorneys' fees for the preparation and filing of the proofs of claim are unnecessary, and that the amounts requested are unreasonable. She contends that the fees in each case should be disallowed in their entirety.

Essentially, §506(b) means that if a creditor is oversecured, it can recover its reasonable fees which are provided for in the underlying loan documentation. However, since the initial status conference relative to these proceedings, the creditors have taken the position that

3

regardless of §506(b), they are entitled to their fees pursuant to §1322(e) of the Bankruptcy Code, which provides as follows:

> Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

Section 1322(e) was enacted on October 22, 1994, to overrule the decision of the United States Supreme Court in Rake v. Wade, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed. 2d 424 (1993). In that case, the Supreme Court determined that an oversecured creditor was entitled to both pre-confirmation and post-confirmation interest on arrearages paid through the debtors' Chapter 13 plans, even if the mortgage instruments were silent on the subject, and state law would not have required interest to be paid. As set forth in the legislative history of 1322(e), the Supreme Court's decision had the effect of providing a windfall to secured creditors at the expense of unsecured creditors by forcing debtors to pay the bulk of their income to satisfy the secured creditors' claims. It also had the effect of giving secured creditors interest on interest payments, and interest on late charges and other fees, even where applicable non-bankruptcy law prohibited such interest, and even where it was not contemplated by either party to the original loan transaction.

Countrywide and Wells Fargo argue that §1322(e) allows them to charge for the preparation of the proofs of claim at issue regardless of whether their claims are oversecured or undersecured.

Section 1322(e) was drafted to address the amount of the payment that would be necessary to cure a default. The language in the section does not mention post-petition, pre-

4

confirmation fees, such as those involved in these proceedings. Therefore, the legislative history is helpful in construing the intent of the section. The non-contractual, non-statutorily authorized interest on interest and interest on other fees, permitted by the Rake v. Wade decision, were the driving issues prompting the enactment of §1322(e), not the allowance of post-petition legal fees. A charge for the preparation and filing of a proof of claim is not a default that is being cured. It is a post-petition service that is being performed for compensation. Whether this service is to be paid by the debtor or the creditor depends on whether the creditor's claim is oversecured, and whether the underlying security agreement provides for the debtor to pay such a fee, all as contemplated by §506(b). An undersecured creditor should not be permitted to strain any ambiguity in §1322(e) to "bootstrap" itself into the same posture as an oversecured creditor just so that it can collect an additional fee from the debtor that would otherwise not be allowed.

Therefore, this court concludes that Countrywide and Wells Fargo must establish that they are oversecured creditors before the requested charges can be permitted.

IV.

The court will next address an ancillary issue concerning the procedure that a creditor should utilize when requesting fees and/or expenses which might be applicable to an oversecured claim. The first concern regarding the recovery of these fees is that of adequate disclosure to interested parties. *See* In re Powe, 278 B.R. 539, 553 (Bankr. S.D. Ala. 2002) ("postpetition/preconfirmation attorneys fees must be included in a creditor's proof of claim or an application for compensation"); Noletto v. NationsBanc Mortgage Corp. (In re Noletto), 281 B.R. 36, 47 (Bankr. S.D. Ala. 2000) ("Fees which are not disclosed at all, fees which are not properly claimed with specificity, or are not included in the arrearage claim to be paid through

5

the plan if the plan so provides, are per se unreasonable because they are improperly charged.").

Some courts provide that disclosure may be made via the proof of claim itself. *See* In re Atwood, 293 B.R. 227, 232 (9th Cir. BAP 2003) (procedurally correct for creditor to assert preconfirmation debt, including attorney's fees for preparation of proof of claim within proof of claim). Other courts require a formal fee application pursuant to Rule 2016, Federal Rules of Bankruptcy Procedure. *See* Tate v. NationsBanc Mortgage Corp. (In re Tate), 253 B.R. 653, 665 (Bankr. W.D.N.C. 2000)(creditors who seek attorney's fees under §506(b) must file and serve notice and fee application under Rule 2016).

This court finds that the disclosure of attorney fees, costs and other charges claimed by a creditor may be made in most routine circumstances through the filing of a proof of claim. However, the court further finds that the disclosure must be specific, i.e., the attorney fees, costs and charges must be itemized so that any interested party may object if so desired. For nominal fees, such as the ones being requested in these proceedings, the court will not require the filing and noticing of a fee application as contemplated by Rule 2016.

V.

The court will next comment on the issue of whether additional fees may be assessed against the debtors other than those disclosed in the filed proofs of claim. As noted hereinabove, in the Madison, Ray, and Holloway cases, there is language appearing in the proof of claim forms that if legal fees and costs are incurred subsequently that the debtor's account will be assessed with the fees and costs if legally permissible in the opinion of the lender. In addition, the language indicates that if the fees and costs are not paid as a part of the bankruptcy case, they

may be collected in the future pursuant to the terms of the underlying security instrument, the Bankruptcy Code, or other applicable law.

In this jurisdiction, the property of the Chapter 13 bankruptcy estates does not vest at confirmation in the debtors. This is specifically set forth in the order confirming the debtors' Chapter 13 plans. Consequently, while the debtors' bankruptcy cases are still pending, no additional fees should be charged to or collected from the debtors without the specific approval of the court. These circumstances are distinguishable from the factual scenario that existed in Telfair v. First Union Mortgage Corporation, 216 F.3d 1333 (11th Cir. 2000). In Telfair, the debtors' Chapter 13 plan, which was confirmed, provided that they would cure prepetition arrearages through their plan, but they would make their regular monthly payments outside the plan. When the debtors defaulted in making their post-confirmation payments outside the plan which necessitated the filing of several motions for relief from the automatic stay by First Union Mortgage Corporation, the court did not find that it was improper to charge the debtor with fees related to these motions which had not been approved by the bankruptcy court. These fees had accrued post-confirmation and were connected to payments that were being made outside the Chapter 13 plan. Id. at 1336 - 40.

The approach, utilized in this district, prevents unsuspecting debtors from being "blind sided" by the addition of undisclosed charges, in most instances to secured claims, during the time that the plan is being administered and before the debtors receive their Chapter 13 discharges. Depending on the particular factual events, fees can be added when justified to a creditor's claim during an ongoing case, but they must be properly disclosed and approved by the court.

7

VI.

In an opinion addressing two cases in the Southern District of Mississippi, In re: Bonton, Case No. 03-04058, and In re: Brown, Case No. 03-03888, Judge Edward Ellington offered the following comments concerning the necessity and reasonableness of attorney's fees charged pursuant to §506(b), to-wit:

> The second concern of the courts, and what is actually more narrowly at issue before this Court, appears to be the necessity and reasonableness of attorney fees charged pursuant to §506. "The standard employed to determine 'reasonableness' is one based on federal law." In re Staggie, 255 B.R. 48, 52 (Bankr. D. Idaho 2000); see also In re Stoecker, 114 B.R. 980, 983 (Bankr. N.D. Ill. 1990) ("In making a determination of reasonableness, the Court does not look to state law, but rather makes an independent evaluation."). "Moreover, only necessary services will be compensated." Id. "Courts frequently disallow or reduce fees sought by secured creditors on finding that the work performed was unnecessary or excessive." Id.
>
> A split of authority exists among the courts as to whether a charge of attorney fees for the preparation and filing of a proof of claim is necessary or reasonable. Some courts consider attorney fees for the preparation of a proof of claim to be a reasonable charge. See In re Powe, 278 B.R. at 556 (act of filing a proof of claim is not always ministerial act but may require consideration of various legal issues); In re LeMarquis Assoc., 65 B.R. 719, 724 (Bankr. E.D. Ca. 1986). rev'd on other grounds 81 B.R. 576 (9th Cir. BAP 1987) (charge for filing proof of claim allowed as proof of claim ensured that secured creditor would be paid correct amount and was reasonably necessary to protect secured creditor's interest). Other courts take the position that the preparation of a proof of claim is a ministerial act for which no attorney fee should be charged. See In re Staggie, 255 B.R. at 56 (preparation of proof of claim is task better left to creditor's own staff); In re Allen, 215 B.R. 503, 504 (Bankr. N.D. Tex. 1997) (preparation of proof of claim is ministerial act for which no attorney's fee should be charged against a debtor); In re Good, 207 B.R. at 689 (computation of amount of default is task properly relegated to lender's staff); In re Banks, 31 B.R. 173, 178-79 (Bankr. N.D. Ala. 1982) ("It is both unnecessary and unreasonable to charge a Chapter 13 debtor with attorney's fees for the performance of non-legal services when for the performance of the same services a nonlawyer could not charge or collect such fees.").
>
> This Court finds that the preparation of a proof of claim is ministerial in nature and that no attorney fee should be allowed for it. The Court further finds that no attorney

fee should be allowed for additional legal services such as file setup, attorney review of loan documents, or attorney review of bankruptcy plan as those services are unnecessary for the preparation and filing of a proof of claim, which is basically a mathematical computation.

The Court observes, however, that there can be situations where a secured creditor may be allowed otherwise reasonable and necessary attorney fees pursuant to §506 for legal work outside the scope of the preparation and filing of a proof of claim. Under those circumstances, the Court would consider granting such fees, assuming they had been properly itemized and adequately disclosed to interested parties within the creditor's proof of claim.

Insofar as real estate loan transactions are concerned, this court has recently seen numerous problems encountered by debtors in ascertaining from the current mortgage holders the amounts that they actually owe. This has occurred primarily because of the outsourcing of the loan servicing functions, as well as, multiple assignments of the underlying loan agreements. Therefore, the filing of an accurate proof of claim applicable to these transactions has become more and more important in facilitating the administration of bankruptcy cases. In her testimony, Alice Blanco described the services performed by the McCalla Raymer firm in reviewing the loan information furnished by their clients, the preparation and filing of a notice of appearance in each case, the loss mitigation solicitation and review, and, finally, the preparation and filing of the proof of claim. Disagreeing slightly with the results set forth hereinabove in the <u>Bonton</u> and <u>Brown</u> cases, decided in the Southern District of Mississippi, this court is of the opinion that, in the four cases involved in this particular matter, the services were necessary and not just ministerial. These services provided a benefit to the bankruptcy estates by accurately disclosing the amounts of the underlying debts owed to Countrywide and Wells Fargo. These services alleviated the problems encountered in the cases, mentioned hereinabove, where the information furnished by the affected creditors was either inaccurate or non-existent.

Insofar as the reasonableness of the amount is concerned, the McCalla Raymer law firm has demonstrated that it can perform these services for $150.00, which it did in each of the cases where Wells Fargo was the creditor. Therefore, this court concludes that this amount is a reasonable fee for the services provided. Despite the fact that the Federal National Mortgage Association would allow a charge of $350.00, which is not persuasive to this court, that amount appears to be clearly excessive when compared to the resulting benefit that the bankruptcy estates receive.

The decision in this case has limited effect. It is applicable only to long term real estate loans where the services of a law firm, utilizing licensed lawyer participants, is actually involved in the process. It covers services such as those performed by the McCalla Raymer firm leading up to the filing of the proof of claim. This holding is not intended to restrict compensation that might be otherwise awarded to an oversecured creditor's counsel in more complicated circumstances, such as, filing objections to confirmation, motions seeking relief from the automatic stay, etc.

An order, consistent with this opinion, will be entered contemporaneously herewith to the following effect, to-wit:

1. In each of the four cases involved in this matter, the McCalla Raymer law firm, on behalf of both Countrywide and Wells Fargo, will be permitted to receive an attorney's fee in the sum of $150.00 applicable to the work associated with the filing of the proof of claim.

2. However, Countrywide and Wells Fargo must first establish that they are oversecured creditors before the aforesaid fees can be allowed, all as contemplated by §506(b) of the Bankruptcy Code.

3. The disclosure of attorneys' fees, costs, and other charges, claimed by an oversecured creditor may be made in most routine circumstances through the filing of a proof of claim. However, the disclosure must be specific, i.e., the attorneys' fees, costs, and charges must be itemized so that any interested party may object if so desired. In cases, where the fees requested are similar to those involved herein, the court will specifically not require the filing and noticing of a fee application as contemplated by Rule 2016, Federal Rules of Bankruptcy Procedure.

4. In this jurisdiction, while the Chapter 13 debtors' bankruptcy cases are still pending prior to the issuance of a discharge, no additional fees should be charged to or collected from the debtors without the specific approval of this court.

5. The decision in this proceeding has limited effect. It shall be applicable only to long term real estate loans where the services of a law firm, utilizing licensed lawyer participants, has been actually involved in the process.

This the 29th day of December, 2005.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE

11